The purpose of awarding prejudgment interest in a tort case is twofold. First, it is important that the prevailing party actually receive their full judgment, in today's dollars, following years of litigation. It simply would not be equitable to permit the losing party to prolong litigation unnecessarily while drawing interest on the funds which ultimately will be paid. Therefore, one of the prime purposes of prejudgment interest is to adequately compensate the winning party.
Of equal importance, however, is the reality that R.C. 1343.03(C) is designed to promote settlement of cases short of trial. The very language employed in the statute places the emphasis where it belongs. The party to be charged with prejudgment interest is one who "* * * failed to make a good faith effort to settle the case * * *." In order to claim this additional reward, however, the prevailing party must be prepared to demonstrate that they "* * * did not fail to make a good faith effort to settle the case." (Emphasis added.)
It is to be noted, that while many attorneys will use the term "bad faith" in describing these matters, the standard is a lack of good faith. It is a subtle, but meaningful distinction. The statute, on its face, demands good faith by both parties in the settlement of tort cases and provides penalties for lack of good faith. By statute, the failure to exercise good faith in settlement carries a penalty.
In the instant matter, medical expenses were in the neighborhood of $15,000 and liability was contested at least initially. In the contentious environment of discovery, positions were solidified, and offers to settle followed the flow of information as it evolved. Ultimately, an offer of $75,000 was made and it was met by a counterdemand of $97,500. These were the last official words to be spoken on the subject of settlement before the jury was sworn in. I would suggest that these numbers standing alone establish the legitimate good faith efforts of both lawyers to settle this case. I have difficulty in equating an offer of settlement which is five times the amount of medical specials as becoming prima facie evidence of the lack of good faith.
While the trial court was troubled by the timing of the offers, that annoyance overlooks the purpose of the statute. Parties who settle their differences do not use up days of the court's time in trial. It is important to note that this is not a "courthouse steps" settlement offer, having been made one week before trial. A case which is settled one week before trial saves both sides considerable trial preparation expense. Expert witnesses can be cancelled and other critical presentation expenses can be avoided. Were this court to find a "one week" settlement to be evidence of a lack of good faith, it would have a counterproductive effect throughout this appellate district. One week prior to trial the parties would abandon those critical days of settlement, thereby destroying the intended purpose of the statute.
In the final analysis, I believe it was unreasonable for the trial court to award prejudgment interest in this matter. In order to make the award, the court had to find, as a matter of law, that the offer of $75,000 was not a good faith offer. I cannot agree. It is an exercise in intellectual gymnastics to find, as a matter of law, that a demand for $97,500 represents good faith, but that an offer of $75,000 does not.